UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

JIMMY D. SAYLOR and
TAMMIE M. SAYLOR,

      Debtors.

Case No. 02-80576
Chapter 13

JIMMY D. SAYLOR,

      Plaintiff,

v.

SELECT PORTFOLIO
SERVICING, INC.

      Defendant.

Adv. Pro. No. 06-8035

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion to Dismiss filed by Defendant Select Portfolio Servicing, Inc. (Docs. 7, 11, 13 18). The Plaintiff amended his complaint in an effort to defeat the Motion to Dismiss and has filed a memorandum. (Docs. 12, 17). For the reasons set forth below, the Motion to Dismiss is GRANTED.

### I. FACTS

On April 29, 2002, Plaintiff Jimmy Saylor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. (Case No. 02-80576, Doc. 1). On September 18, 2002, this Court confirmed Saylor's Chapter 13 Plan. (Case No. 02-80576, Doc. 28). On September 10, 2004, Select Portfolio filed a motion for relief from the automatic stay, alleging that Saylor had defaulted in his obligation to make his monthly mortgage payments. (Case No. 02-80576, Doc.

31). On October 14, 2004, the Court entered an Agreed Order resolving the issues raised in Select Portfolio's motion. (Case No. 02-80576, Doc. 33). The Agreed Order fixed the amount of the mortgage delinquency and provided that Select Portfolio could assess attorney's fees under the provisions of the mortgage in the amount of $600.00. (Id.). On September 8, 2006, this Court entered an Order of Discharge. (Case No. 02-80576, Doc. 69).

On July 10, 2006, Saylor filed a complaint initiating this Adversary Proceeding. (Doc. 1). Saylor amended his complaint on October 26, 2006. (Doc. 17). The gist of Saylor's Amended Complaint is that Select Portfolio improperly assessed a number of fees to his account, between June 7, 2002 and May 18, 2006, totaling $2,091.05. Saylor filed a four-count complaint alleging that these assessments were made in violation of several provisions of the Bankruptcy Code.

## II. CONCLUSIONS OF LAW

This Adversary Proceeding is before the Court on Select Portfolio's Motion to Dismiss, which is governed by the provisions of Rule 7012, FED. R. BANKR. P., and Rule 12(b)(6), FED. R. CIV. P. "A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court will discuss each count of the complaint separately.

### A. Count I: The Automatic Stay

In Count I of the Amended Complaint, Saylor alleges that Select Portfolio violated the automatic stay when it assessed the charges to his account. Specifically, Saylor cites 11 U.S.C. §

-2-

362(a)(3). This section imposes a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Id. In his complaint, Saylor alleges nothing more than the fact that Select Portfolio made charges to his account. These charges are nothing more than book entries on the records of Select Portfolio, which Saylor is of course free to dispute. However, the imposition of a charge on an existing mortgage account, in and of itself, is not an act to obtain possession of property. See Mann v. Chase Manhattan Mortgage Corp., 316 F.3d 1, 3 (1st Cir. 2003) (holding that the post-petition bookkeeping entries by the defendant "did not implicate Bankruptcy Code § 362(a)(3), since such unilateral accruals of amounts assertedly due . . . plainly are not the sort of 'act' Congress sought to proscribe"). To be sure, if Saylor does not pay or dispute the charges, Select Portfolio may ultimately foreclose its mortgage. Although the foreclosure of a mortgage while the automatic stay is in effect would undoubtedly constitute a violation of the stay, it does not follow that the imposition of a charge in and of itself would violate the automatic stay. The Court concludes that the imposition of the disputed charges here did not violate the automatic stay.

### B. Count II: Sections 105 and 501

Section 501 of the Bankruptcy Code deals with the allowance of proofs of claim and section 105 deals with the power of a Bankruptcy Court to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code. The harm Saylor claims to have suffered did not in any way impinge upon Section 501 of the Bankruptcy Code. Saylor's claim that these sections have somehow been violated is without merit.

### C. Count III: Sections 105 and 506

In Count III of the Amended Complaint, Saylor alleges that these charges violate section 506 of the Bankruptcy Code, which deals with the allowance of secured claims. The United States Court of Appeals for the Eleventh Circuit rejected that argument in <u>Telfair v. First Union Mortgage Corp.</u>, 216 F.3d 1333, 1340 (11th Cir. 2000) (holding that post-confirmation charges to a mortgagee's account are not governed by the provisions section 506).

### D. Count IV: Contempt

In Count IV of the Amended Complaint, Saylor alleges that the charges in question were made in violation of this Court's Order of October 14, 2004. That Order provides, in part, that:

> The Debtor's post-petition arrearage due Select Servicing/IMCC in the amount of $2,818.44, which represents the payments due for May, 2004, through and including the September 2004 payments, plus attorney's fees/costs and Court costs in the amount of $600.00, is to be included by the Debtor in the Debtor's plan.

(Case No. 02-80576, Doc. 33). There is nothing in this Court's October 14, 2004 Order which suggests that the $600.00 fee is the only charge that may be made to Saylor's account for all times. To be sure, the Order fixes the amount of the fee for the actions taken in conjunction with the September 10, 2004 motion. However, charges for other items are not precluded by the October 14, 2004 Order. To put the matter differently, Select Portfolio is not precluded from making any charges, except those that were actually litigated or settled, which in this case was the attorney's fee for bringing the September 10, 2004 motion. Saylor's claim that the charges in question are precluded by the terms of the October 14, 2004 Order is without merit.

### E. Jurisdiction

It appears that the real dispute here is whether the charges to Saylor's account are proper under the terms of his mortgage. This is a straight-forward question involving State law issues concerning the construction and operation of a contract. Saylor strains mightily to cast his claim in a bankruptcy context, but his efforts ultimately fail. This is not to say that Saylor may not ultimately be correct in his assertion that the charges are excessive, improper or unlawful. Rather, that is a question for another Court on another day.

In general terms, a Bankruptcy Court has jurisdiction to determine questions pertaining to the bankruptcy estate and the effect of the Debtor's discharge. The bankruptcy estate ceased to exist some time ago. Saylor's home ceased to be property of the estate on September 18, 2002, when the Debtor's Plan was confirmed. See Telfair, 216 F.3d at 1340 (holding that the "estate transformation approach" is the law of this Circuit, meaning that property not necessary to the fulfillment of the plan returns to the debtor upon confirmation). Moreover, Saylor's complaint does not raise any questions pertinent to his discharge. While Saylor has not plead his claim in terms of a breach of contract, even if he had, the Court would dismiss it for want of subject matter jurisdiction. See Shortsleeve v. Centurytel of Ala., LLC (In re Shortsleeve), 349 B.R. 297, 300 (Bankr. M.D. Ala. 2006) (dismissing a case brought under the Fair Debt Collection Practices Act, because it would not have any effect on the bankruptcy estate). Select Portfolio argues in its Supplemental Brief that Saylor has alleged a State law cause of action and attempted to dress it up as a bankruptcy proceeding. (Doc. 18). This Court shares that view.

## III.  CONCLUSION

Taking all of the factual allegations in the Plaintiff's Amended Complaint as true, the Court finds that it fails to allege a claim for which this Court may grant relief.  For this reason, the Amended Complaint is DISMISSED WITH PREJUDICE.

Done this the 12th day of January, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge